FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2011 SEP 28 A 8:32
CLERK [signature]
S.D. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| STEVEN B. BOYD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 111-136 |
| ) | (Formerly CR 198-012) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Petitioner, an inmate confined to federal custody at the U.S. Penitentiary in Atlanta, Georgia, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and that this civil action be **CLOSED**.

I.  **BACKGROUND**

A grand jury sitting in the Southern District named Petitioner and two co-defendants in a six-count indictment on March 6, 1998; a six-count amended indictment was later filed. See United States v. Boyd, CR 198-012, doc. nos. 6, 52 (S.D. Ga. Mar. 6, 1998) (hereinafter "CR 198-012"). All of the charges were drug-related crimes. See id. Prior to trial, the

government filed a sentence enhancement notice under 21 U.S.C. § 851, alleging that Petitioner had two or more prior felony drug convictions, including two 1989 convictions in the Superior Court of Richmond County for possession of cocaine and for sale of cocaine and possession of cocaine with intent to distribute. Id., doc. no. 124. A jury found Petitioner guilty on five counts of the indictment and found him not guilty on one count. Id., doc. no. 134. On September 29, 1998, the Honorable Dudley H. Bowen, Jr., then-Chief United States District Judge, sentenced Petitioner to life imprisonment on two counts and 360 months imprisonment on the other three counts, all to be served concurrently. Id., doc. no. 143. Petitioner filed an appeal with the Eleventh Circuit, and his convictions were affirmed in an unpublished decision. United States v. Winkfield, 216 F.3d 1090 (Table) (11th Cir. May 10, 2000) (No. 98-9275).

Petitioner then filed his first § 2255 motion. CR 198-012, doc. no. 164. In that motion, Petitioner raised several grounds for relief, including a challenge to using the prior drug convictions from the Superior Court of Richmond County. See id. Pursuant to this Court's Report and Recommendation, Judge Bowen denied the motion on November 14, 2001. Id., doc. nos. 181, 187. Petitioner unsuccessfully appealed the denial of his § 2255 motion to the Eleventh Circuit Court of Appeals. Boyd v. United States, No. 02-10349 (11th Cir. May 10, 2002).

Petitioner then submitted a second § 2255 motion, in which he argued that he should be re-sentenced because he had successfully attacked the two state convictions used to enhance his sentence. CR 198-012, doc. no. 206. That motion was dismissed as successive on April 19, 2004. Id., doc. nos. 207, 209. Petitioner did not appeal the dismissal of his

second § 2255 motion. Petitioner filed a third § 2255 raising the same claim, which was similarly dismissed as successive on February 1, 2006. Id., doc. nos. 221, 223, 226. Petitioner attempted to appeal the Order dismissing his third § 2255 motion, but the Eleventh Circuit denied his request for a certificate of appealability, finding that "the district court lacked jurisdiction to consider his successive § 2255 petition without prior authorization . . . ." Boyd v. United States, No. 06-11271 (11th Cir. Aug. 25, 2006).

Petitioner has also unsuccessfully attempted to challenge his sentence with the Eleventh Circuit Court of Appeals by filing an application for permission to file a successive § 2255 motion, as well as a petition for a writ of mandamus. See CR 198-012, doc. nos. 239, 242. In addition to these attempts at post-conviction relief, Petitioner has filed a "Motion for Resentencing," a "Motion for Sentence Reduction," and a "Motion for Reconsideration of Order Denying Motion for Sentence Reduction," each of which was denied by Judge Bowen. (See doc. nos. 234, 237, 244, 251, 252, 253.)

In the instant case, Petitioner has filed a fourth § 2255 motion. In this latest § 2255 motion, he again argues that he should be re-sentenced because his two prior state convictions have been vacated. (See doc. no. 1.)

## II. DISCUSSION

Petitioner's claim is barred from review in this § 2255 proceeding by virtue of the successive motion restrictions enacted by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214, and now contained in 28 U.S.C. §§ 2255 and 2244(b). Section 2255 provides in relevant part:

> A second or successive motion must be certified as provided in section 2244

3

> by a panel of the appropriate court of appeals to contain–
>
>> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>>
>> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Section 2244, in turn, provides that prior to filing a successive petition in the District Court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). In sum, "[f]ederal prisoners seeking to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion." In re Joshua, 224 F.3d 1281, 1281 (11th Cir. 2000) (*per curiam*) (citing 28 U.S.C. §§ 2255 & 2244(b)(3)).

Here, Petitioner has previously filed three § 2255 motions, all of which were unsuccessful and two of which were dismissed as successive. Petitioner appears to argue that his current § 2255 motion is not successive because he is raising a claim that he could not have raised previously. (See doc. no. 1, pp. 11-18.) However, this contention is plainly contradicted by the fact that he has raised the same claim set forth in the instant motion in two previous § 2255 motions. See 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed."). Furthermore, addressing Petitioner's petition for a writ of mandamus, the Eleventh Circuit held that "[Petitioner] could have raised [his claim premised on the vacatur of his prior convictions] in a non-successive § 2255 motion if he had challenged his 1989

4

convictions earlier . . . ." CR 198-012, doc. no. 239, p. 2.

Petitioner also attempts, in a filing submitted subsequent to his § 2255 motion (see doc. no. 2), to analogize his case to that of Stewart v. United States, which also concerned a § 2255 motion that raised a claim premised on the vacatur of prior state law convictions used to enhance the petitioner's sentence. See 646 F.3d 856, 863-65 (11th Cir. 2011). The Eleventh Circuit held in Stewart that the petitioner's numerically second § 2255 motion was not successive for purposes of the AEDPA, reasoning that the fact that the vacatur of the petitioner's state convictions occurred subsequent to the filing of his original § 2255 motion meant that he could not have brought the vacatur-based claim in any prior § 2255 motion. See id. at 863-65.

Plaintiff's attempt to analogize his case to Stewart is unavailing. In contrast to Stewart, the instant action involves Petitioner's numerically fourth § 2255 motion. Petitioner not only had the opportunity to bring his claim in prior petitions, he actually did so. In other words, rather than presenting claims that could not have been previously raised, Petitioner attempts in the instant action to re-litigate a claim decided in previous § 2255 motions, effectively asking the Court to treat his current motion as an appeal or reconsideration of his previous motions. This approach is improper. See McCleskey v. Zant, 499 U.S. 467, 481-82 (1991) (discussing how, in the evolution of habeas corpus law, the advent of allowing appellate review of unsuccessful petitions led to the prohibition on successive petitions raising claims that had been raised previously); Stewart, 646 F.3d at 859 ("AEDPA's restrictions on second or successive motions are meant to forestall abuse of the writ of habeas corpus, by, for instance, barring successive motions raising habeas claims that could have

5

been raised in earlier motions . . . ." (citation omitted)).

Petitioner had a chance to appeal the denial of his second § 2255 motion, in which he initially raised the claim at issue here, but he failed to do so. Petitioner did appeal from the denial of his third § 2255 motion, which set forth the same claim; the Eleventh Circuit denied him a certificate of appealability, determining that "the district court lacked jurisdiction to consider his successive § 2255 petition without prior authorization from [the Eleventh Circuit Court of Appeals]." Boyd, No. 06-11271 (11th Cir. Aug. 25, 2006). The Court will not now reach a conclusion contrary to that of the Eleventh Circuit in denying him a certificate of appealability as to his third § 2255 motion, which asserted a claim for re-sentencing due to the vacatur of prior state offenses, when the instant § 2255 motion is nothing but a reassertion of the same claim. Rather, the Court must adhere to the principle that "a subsequent petition is 'second or successive' when it raises a claim that was . . . raised in an earlier petition." James v. Walsh, 308 F.3d 162, 167 (2d Cir. 2002).

In sum, the Court finds that the instant petition is successive, and Petitioner does not state that he has been granted permission to file a successive § 2255 motion in this Court; absent authorization from the Eleventh Circuit, this Court lacks the jurisdiction to consider the issues raised in Petitioner's motion. See Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997) (*per curiam*) (determining that "the district court lacked jurisdiction to consider Appellant Hill's request for relief because Hill had not applied to this Court for permission to file a second habeas petition"); see also In re Dean, 341 F.3d 1247, 1248-49 (11th Cir. 2003) (*per curiam*) (denying permission to file successive § 2255 motion alleging sentencing error based on successful challenge to state convictions that were used to calculate federal

sentence). Accordingly, Petitioner's current § 2255 motion should be dismissed.[1]

## III. CONCLUSION

Based on an initial review of the instant § 2255 motion, as required by Rule 4 of the Rules Governing § 2255 Cases, the Court finds the motion to be successive. The Court therefore **REPORTS** and **RECOMMENDS** that the motion be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 28th day of September, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[1] Even if the instant petition were not successive, it appears to be subject to dismissal for untimeliness. The AEDPA provides a one-year statute of limitations. See 28 U.S.C. § 2255(f). For claims based on the successful vacatur of state law convictions used to enhance a petitioner's sentence, the statute of limitations runs from the date of the state court's order of vacatur. See Stewart, 646 F.3d at 858 ("[T]he state court vacatur of a predicate conviction is a new 'fact' that triggers a fresh one-year statute of limitations under § 2255(f)(4) . . . .") Here, the state court vacated Petitioner's convictions on September 25, 2003, approximately eight years before he filed the instant § 2255 motion. Moreover, prior to the filing of his current § 2255 motion, the last activity regarding Petitioner's convictions occurred in October of 2009. See CR 198-012, doc. no. 258.

7