IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| STEVEN B. BOYD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 111-136 |
| | ) | (Formerly CR 198-012) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at the United States Penitentiary in Atlanta, Georgia, has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** as untimely and the civil action **CLOSED**.

**I.     BACKGROUND**

    **A.     Indictment, Conviction, and Appeal**

On March 6, 1998, a grand jury in the Southern District of Georgia charged Petitioner and two co-defendants in a six-count indictment and superseded with another six-count indictment on April 6, 1998. See United States v. Boyd, CR 198-012, doc. nos. 6, 52 (S.D. Ga. Mar. 6, 1998) ("CR 198-012"). All of the charges were drug-related crimes. See id. Prior to trial, the government filed a sentence enhancement notice under 21 U.S.C. § 851, alleging that Petitioner had two or more prior felony drug convictions, including two 1989 convictions in the Superior Court of Richmond County for possession of cocaine and

possession of cocaine with intent to distribute, hereinafter referred to as the "State Convictions." Id., doc. no. 124. With the § 851 enhancement and the amount of drugs attributable to him, Petitioner was subject to a mandatory sentence of life imprisonment on Counts One and Six, instead of ten years to life, see 21 U.S.C. §§ 841(b)(1)(A), 846 (1998), and thirty years imprisonment on each of Counts Three, Four, and Five, instead of twenty years. See 21 U.S.C. § 841(b)(1)(C) (1998).

A jury found Petitioner guilty on Counts One, Three, Four, Five, and Six, and not guilty on Count Two. Id., doc. no. 134. On September 29, 1998, applying the § 851 enhancement, United States District Judge Dudley H. Bowen, Jr., sentenced Petitioner to life imprisonment on Counts One and Six and 360 months imprisonment on Counts Three, Four, and Five, all to be served concurrently. Id., doc. no. 143. The Eleventh Circuit affirmed. United States v. Winkfield, 216 F.3d 1090 (Table) (11th Cir. May 10, 2000) (No. 98-9275).

### B. First § 2255 Motion

In April 2001, Petitioner filed his first § 2255 motion raising several grounds for relief that included a challenge to the § 851 enhancement based on the State Convictions. CR 198-012, doc. no. 164. The Court denied the motion on November 14, 2001. Id., doc. nos. 181, 187. Specifically, the Court rejected as meritless Petitioner's arguments that (1) the § 851 enhancement constitutes double jeopardy; and (2) the government's enhancement notice was deficient because it failed to specify under which statute the government sought to enhance his sentence or the length of the sentence enhancement. See id., doc. no. 181, p. 9-11. Petitioner unsuccessfully appealed the denial of his § 2255 motion to the Eleventh Circuit Court of Appeals. Boyd v. United States, No. 02-10349 (11th Cir. May 10, 2002).

Meanwhile, in April 1999, Petitioner filed post-conviction proceedings in the Superior Court of Richmond County to challenge the constitutionality of the State Convictions. CR 198-012, doc. no. 206, pp. 26-32. In September 2003, the Superior Court of Richmond County vacated the State Convictions because the State was unable to obtain the transcripts from Petitioner's guilty plea and thus could not make an affirmative showing that Petitioner's guilty pleas were valid. Id. at 7-12.

### C.  Second § 2255 Motion

In March 2004, Petitioner submitted a second § 2255 motion, in which he argued that he should be re-sentenced because the State vacated his State Convictions. CR 198-012, doc. no. 206. The Court dismissed the motion as successive on April 19, 2004. Id., doc. nos. 207, 209. Petitioner did not appeal the dismissal of his second § 2255 motion.

### D.  Third § 2255 Motion

In December 2005, Petitioner filed a third § 2255 motion raising the same claim as his second § 2255 motion, which the District Court similarly dismissed as successive on February 1, 2006. Id., doc. nos. 221, 223, 226. Petitioner attempted to appeal the Order dismissing his third § 2255 motion, but the Eleventh Circuit denied his request for a certificate of appealability, finding that "the district court lacked jurisdiction to consider his successive § 2255 petition without prior authorization . . . ." Boyd v. United States, No. 06-11271 (11th Cir. Aug. 25, 2006).

### E.  Other Postconviction Motions

Petitioner also filed a "Motion for Resentencing," in October 2006, a "Writ of Mandamus" in both the Eleventh Circuit and District Court in 2008, an application for

3

permission to file a successive § 2255 motion to the Eleventh Circuit in 2008, a "Motion for Sentence Reduction" in 2008, and a "Motion for Reconsideration of Order Denying Motion for Sentence Reduction" in 2009, all of which were denied. See CR 198-012, doc. nos. 234, 238-45, 249-253.

### F. Current § 2255 Motion

In August 2011, Boyd filed the instant, numerically fourth § 2255 motion, again arguing that he should be re-sentenced due to vacatur of the State Convictions. (Doc. no. 1.) On initial review, United States Magistrate Judge W. Leon Barfield recommended dismissal of the petition as successive because Petitioner was attempting to re-litigate the same claim raised in earlier petitions. (Doc. no. 3, pp. 3-7.) Judge Barfield also commented in a footnote with respect to the timeliness of the petition as follows:

> Even if the instant petition were not successive, it appears to be subject to dismissal for untimeliness. The AEDPA provides a one-year statute of limitations. See 28 U.S.C. § 2255(f). For claims based on the successful vacatur of state law convictions used to enhance a petitioner's sentence, the statute of limitations runs from the date of the state court's order of vacatur. See Stewart, 646 F.3d at 858 ("[T]he state court vacatur of a predicate conviction is a new 'fact' that triggers a fresh one-year statute of limitations under § 2255(f)(4) . . . .") Here, the state court vacated Petitioner's convictions on September 25, 2003, approximately eight years before he filed the instant § 2255 motion. Moreover, prior to the filing of his current § 2255 motion, the last activity regarding Petitioner's convictions occurred in October of 2009. See CR 198-012, doc. no. 258.

(Id. at 7, fn.1.) Judge Bowen adopted the recommendation and entered judgment dismissing Petitioner's fourth § 2255 motion. (Doc. nos. 6, 7.) Petitioner filed a timely notice of appeal. (Doc. no. 8.)

4

On appeal, after two rounds of briefing and oral argument, the Eleventh Circuit concluded that this Court erred by dismissing Petitioner's fourth § 2255 motion as successive, but remanded for further consideration of the timeliness question because "it is unclear whether the district court would have relied on this ground alone in dismissing the petition." Boyd v. United States, 754 F.3d 1298 (11th Cir. 2014).

On remand, Petitioner, who is represented by counsel, asserts that his § 2255 motion is not time-barred for four reasons. (Doc. no. 29.) First, the current § 2255 motion is timely because Stewart v. United States, 646 F.3d 856 (11th Cir. 2011) triggered a new one-year limitations period under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (Id. at 12-14.) Second, even if the current § 2255 motion is not timely, the Court may correct the sentence because he is actually innocent of his sentence. (Id. at 17-20.) Third, Petitioner is entitled to equitable tolling of AEDPA's one-year statute of limitations. (Id. at 15-16.) Lastly, the current § 2255 motion, through Fed. R. Civ. P. 60(b), allows the Court to reopen his second or third § 2255 motion because each was wrongly dismissed on procedural grounds. (Id. at 8-11.) Respondent maintains the petition is untimely. (Doc. no. 31.)

## II. DISCUSSION

### A. Petitioner's Current § 2255 Motion Is Untimely Because Stewart Does Not Trigger a New One-Year Limitations Period.

28 U.S.C. § 2255(f), as amended by AEDPA, provides a one-year statute of limitations for § 2255 motions that runs from the latest of four possible dates:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner asserts his current § 2255 motion is timely because he filed it within one year of <u>Stewart</u>, which purportedly triggered a new one-year limitations period under § 2255(f)(4) in light of the Supreme Court's holding in <u>Johnson v. United States</u>, 544 U.S. 295 (2005). In <u>Johnson</u>, the Supreme Court held that where a petitioner collaterally attacks a federal sentence due to vacatur of a state conviction used to enhance that federal sentence, the one-year statute of limitations under § 2255(f) begins to run when the petitioner receives notice of vacatur, assuming the petitioner is diligent in seeking vacatur. 544 U.S. at 298. The Supreme Court concluded that vacatur of Johnson's prior state convictions, used to sentence him as a career offender, constituted a new fact that restarted the one-year statute of limitations under § 2255(f)(4), but because Johnson had not been diligent in obtaining vacatur, the vacatur order did not restart the one-year statute of limitations. <u>Id.</u> at 298, 302. Therefore, Johnson's motion was untimely. <u>Id.</u> at 311.

In <u>Stewart</u>, the Eleventh Circuit held that a numerically second § 2255 motion raising a <u>Johnson</u> claim for the first time after vacatur is not "second or successive" within the

meaning of AEDPA because the claim did not exist before the petitioner's first § 2255 motion. 646 F.3d at 865. However, the Eleventh Circuit did not address whether Stewart itself constituted a new fact that resets the one-year limitations period under § 2254(f)(4). Recently, the Eleventh Circuit held that Stewart does not reset the one-year statute of limitations for habeas petitions based on vacatur of a state court conviction. Bazemore v. United States, 595 F. App'x 869, 872-73 (11th Cir. 2014).

In Bazemore, a case with strikingly similar facts to the case at hand, the petitioner filed a second § 2255 motion just two months after vacatur of his state court convictions. Id. The District Court dismissed the second § 2255 motion as successive, and the Eleventh Circuit affirmed. Id. Based on Stewart, the petitioner filed a third § 2255 motion in 2011 that the District Court denied as untimely. Id. at 871-72. On appeal, the Eleventh Circuit affirmed, holding that the third § 2255 motion filed eleven years after vacatur of petitioner's state court convictions was untimely because Stewart has no retroactive effect and the third § 2255 motion was not filed within a year of the date on which his convictions were vacated. Id. at 873.

Like the petitioner in Bazemore, Petitioner here filed a § 2255 motion within a year of vacatur that this Court properly dismissed as second or successive under Eleventh Circuit precedent prior to Stewart. Petitioner's fourth § 2255 motion is, like the third § 2255 motion in Bazemore, untimely because Petitioner filed it almost eight years after vacatur and Stewart has no retroactive effect.

7

### B. Petitioner Is Not Entitled to Equitable Tolling of AEDPA's Statutory Deadline.

An otherwise untimely § 2255 petition may be considered if a petitioner can demonstrate that he is entitled to equitable tolling. Equitable tolling prevents the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Damren v. Florida, 776 F.3d 816, 821-22 (11th Cir. 2015). The determination of whether equitable tolling is warranted should be made on a case-by-case basis.

Here, Petitioner has been pursuing his rights diligently, filing three habeas petitions and two appeals to the Eleventh Circuit since the State Convictions were vacated. (Doc. no. 29, pp. 15-16.) Petitioner argues that extraordinary circumstances stood in his way and prevented timely filing because the necessary changes in the law affected by Johnson and Stewart occurred more than one year after vacatur of the State Convictions. (Id. at 16.) It was, as he explains, "simply unfortunate" that Eleventh Circuit precedent did not recognize

8

the validity of his challenge at the time of vacatur and the filing of his second and third § 2255 motions. (Id. at 15.)

Petitioner exercised diligence but cannot show that extraordinary circumstances stood in his way and prevented timely filing. In Bazemore, as here, the petitioner argued that Stewart justified equitable tolling of AEDPA's one year statute of limitations because he diligently pursued his claims before and after Stewart. Bazemore, 595 F. App'x at 872. However, the Eleventh Circuit held:

> While Bazemore exercised reasonable diligence in pursuing his § 2255 claims at the time of the 2000 vacatur of his state convictions, the state of the law at the time did not preclude the district court from then correctly holding that the December 2000 § 2255 petition was "second or successive." That the district court could not reach the same decision after the 2011 decision in Stewart does not entitle Bazemore to an additional period to file the same claim.

Id. at 874. The holding in Bazemore is consistent with the longstanding rule that a change in law is not an extraordinary circumstance for purposes of either equitable tolling or Fed. R. Civ. P. 60(b). See Gonzalez v. Crosby, 545 U.S. 524, 536 (2005) (change in law did not constitute extraordinary circumstance under Rule 60(b)); Outler v. United States, 485 F.3d 1273, 1281 (11th Cir. 2007) (change of law did not constitute extraordinary circumstance sufficient for equitable tolling).

Bazemore is materially indistinguishable and controlling here, such that the changes in law ushered in by Johnson and Stewart do not constitute extraordinary circumstances sufficient to warrant equitable tolling, despite Petitioner's diligence. Thus, Petitioner is not entitled to equitable tolling of AEDPA's statutory deadline.

9

### C. The Actual Innocence Exception Does Not Apply.

#### 1. Overview of the Considerable Actual Innocence Landscape.

Courts have applied the actual innocence exception in three distinct contexts. First, the exception applies in the context of the "savings clause" in § 2255(e), which permits a prisoner to file a § 2241 petition if the prisoner establishes that § 2255's remedy was 'inadequate or ineffective to test the legality of his detention.'" 28 U.S.C. § 2255(e); Vieux v. Warden, U.S., No. 14-11206, 2015 WL 1435172, at *5 (11th Cir. Mar. 31, 2015). To show actual innocence under the savings clause, the § 2241 petitioner must show that: "(1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of which establishes the petitioner was convicted of a non-existent offense; and (3) circuit law squarely foreclosed the petitioner from raising the conviction claim at 'trial, direct appeal, or first § 2255 motion.'" Vieux, No. 14-11206, 2015 WL 1435172, at *5.

Second, the exception applies in the context of petitioners who claim they are actually innocent of the crime for which they were convicted. To show actual innocence of the crime of conviction, a petitioner must demonstrate that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" of the crime of conviction. Schlup v. Delo, 513 U.S. 298, 326-27 (1995) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)). The Supreme Court has described this actual innocence exception as "severely confined," in that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 133 S. Ct. 1924, 1931-1933 (2013).

Lastly, the exception applies to petitioners who claim they are actually innocent of their capital sentence. To show actual innocence of a capital sentence, a petitioner must show "by clear and convincing evidence that, but for a constitutional error, no reasonable juror would have found [him] eligible for the death penalty under the applicable state law." Sawyer v. Whitley, 505 U.S. 333, 336 (1992); see also Sibley v. Culliver, 377 F.3d 1196, 1205 (11th Cir. 2004) (holding under this category of actual innocence exception petitioner must show "he is 'innocent' of the death penalty because none of the aggravating factors legally necessary for invocation of the death penalty applied"); McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011) ("Under the actual innocence exception—as interpreted by current Supreme Court doctrine—a movant's procedural default is excused if he can show that he is actually innocent . . . , in the capital sentencing context, of the sentence itself."); Rozzelle v. Sec'y, Florida Dep't of Corr., 672 F.3d 1000, 1013 (11th Cir. 2012) (same).

Petitioner invokes the third category of the actual innocence exception, hereinafter referred to as the "Sawyer actual innocence exception." (See doc. no. 29, pp. 17-21.) However, there are at least three reasons why the Sawyer actual innocence exception does not apply to Petitioner.

        **i.**        **The Sawyer Actual Innocence Exception Does Not Apply Because Petitioner Is Not Serving A Capital Sentence.**

First, Petitioner is not serving a capital sentence. The Supreme Court emphasized in Sawyer that actual innocence of the sentence is "a very narrow exception," that applies "in the setting of capital punishment." Id. at 340; see also Cade v. Haley, 222 F.3d 1298, 1308 (11th Cir. 2000) ("[A] showing of actual innocence can only refer to those state-law

11

requirements that must be satisfied to impose the death penalty, i.e., the elements of the capital crime and minimum required aggravating factors."). Indeed, the Supreme Court and Eleventh Circuit have long recognized that "death is different." See, e.g., Monge v. California, 524 U.S. 721, 732 (1998) (observing that "the death penalty is unique 'in both its severity and its finality'"); Ford v. Wainwright, 477 U.S. 399, 411 (1986) ("[E]xecution is the most irremediable and unfathomable of penalties; . . . death is different."); Peek v. Kemp, 784 F.2d 1479, 1494 (11th Cir. 1986) (*en banc*) (recognizing that "death is different in kind from all other criminal sanctions"); Stanley v. Zant, 697 F.2d 955, 962 (11th Cir. 1983) ("[T]he jurisprudence of this circuit has consistently recognized that 'death is different' for a variety of reasons and in a number of contexts . . . ."). "Because death is different, neither the Supreme Court nor this Court has ever applied the Sawyer actual innocence of the sentence exception except in death penalty cases, and the better view is that the exception does not apply to non-capital sentencing errors." Gilbert v. United States, 640 F.3d 1293, 1321 (11th Cir. 2011).

    **ii.**  **The Sawyer Actual Innocence Exception Does Not Apply Because Petitioner Is Statutorily Eligible for His Life Sentence Even In the Absence of the Challenged Enhancement.**

Second, even if binding precedent did not limit the Sawyer actual innocence exception to capital sentences, Petitioner still fails to meet the exception's requirement that but for the alleged error he would not have been statutorily eligible for the sentence he received, that of life imprisonment without the possibility of parole. This conclusion flows directly from the Eleventh Circuit case of Gilbert v. United States, 640 F.3d 1293, 1321

(11th Cir. 2011). In Gilbert, the petitioner had pled guilty to one count of possession of crack cocaine with intent to distribute and one count of possession of marijuana with intent to distribute, and the quantity of crack cocaine that petitioner was charged with possessing subjected him to a statutory range of ten years to life pursuant to § 841(b)(1)(A). Id. at 1298. The petitioner was sentenced as a career offender under United States Sentencing Guidelines, ("U.S.S.G.") § 4B1.1, because of his prior convictions for (1) possession of cocaine with intent to sell and (2) carrying a concealed weapon. Id. at 1299.

Citing a 2008 Eleventh Circuit opinion that had, in turn, relied on a 2008 Supreme Court opinion, the petitioner asserted that his conviction for carrying a concealed weapon should not have been classified as a "crime of violence" for career offender status. Id. at 1302. In deciding the petitioner did not qualify for the Sawyer actual innocence exception, the Court explained that the petitioner would still be statutorily eligible for the same sentence even if the alleged sentencing error were corrected. Id. at 1322. For the Sawyer actual innocence exception to apply, the Eleventh Circuit explained, a petitioner must demonstrate that "but for the claimed error he would not have been statutorily eligible for the sentence he received." Id.

Here, like in Gilbert, Petitioner would be statutorily eligible for the same sentence he received even if the § 851 enhancement no longer applied. At trial, Petitioner was convicted of Count One, conspiracy to distribute and to possess with the intent to distribute cocaine hydrochloride and cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846, and Count Six, possession of cocaine hydrochloride and cocaine base with the intent to distribute in

13

violation of 21 U.S.C. § 841(a)(1). The quantity of drugs attributable to Petitioner from those offenses, 569 grams of cocaine base and 3.672 kilograms of cocaine hydrochloride, (Presentence Investigation Report ("PSI") ¶ 10), made him eligible for a life sentence even without an enhancement based on the State Convictions. See 21 U.S.C. § 841(b)(1)(A) (1998) (providing for ten years to life imprisonment for drug quantity). Even now, after substantial amendments to the statutes governing cocaine offenses, Petitioner could receive a life sentence for those crimes because of that drug quantity. See 21 U.S.C. § 841(b)(1)(A) (requiring 280 grams of cocaine base to be eligible for life sentence). Gilbert thus completely forecloses application of the Sawyer exception to Petitioner.

Furthermore, in the similar context of a § 2241 petitioner asserting actual innocence under the savings clause, the Eleventh Circuit has twice held, citing Gilbert, that a petitioner is not entitled to resentencing when his sentence does not exceed the statutory maximum applicable in the absence of the sentencing error. See, e.g., Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1283 (11th Cir. 2013) ("a sentence exceeding the authorized statutory maximum . . . is more akin to an actual-innocence claim"); Smith v. Warden, FCC Coleman-Low, 503 F. App'x 763, 766 (11th Cir. 2013) ("Because Smith's sentence did not exceed the statutory maximum, his attempt to challenge his sentence through § 2255(e)'s savings clause is foreclosed.").

In supplemental briefing Petitioner cites dicta in Spencer v. United States, 773 F.3d 1132 (11th Cir. 2014) (*en banc*), for the proposition that a sentence enhanced by convictions since vacated satisfies the Sawyer actual innocence exception even when the sentence

14

challenged still falls below the statutory maximum. However, Spencer is inapplicable because the Eleventh Circuit was concerned with cognizability alone in that case. The court stated there are two situations when a sentencing error might be cognizable in a § 2255 motion as a "fundamental defect": (1) when a petitioner can prove that he is "actually innocent of the crime," or (2) when "a prior conviction used to enhance his sentence has been vacated." Spencer, 773 F.3d at 1139. The issue in Spencer was not whether vacatur of a prior conviction used to enhance a federal sentence entitles that prisoner to file a § 2255 motion at any later time he chooses. Indeed, the petitioner in Spencer had filed a timely first § 2255 motion. Spencer, 773 F.3d 1153 (Martin, J., dissenting). Cognizability is not at issue here, any more than timeliness was at issue in Spencer. Simply stated, the case is irrelevant to the current analysis.

### iii. The Sawyer Actual Innocence Exception Does Not Apply Because Petitioner Is Not Actually Innocent.

Third, even if the Sawyer actual innocence exception was not limited to capital sentences and even if vacatur meant that Petitioner would no longer be eligible for a life sentence at resentencing, Petitioner has fallen far short of demonstrating that he is actually innocent of the conduct underlying the State Convictions that served as the predicate for his statutory enhancement. Rather, it is undisputed that Petitioner admitted the facts upon which his State Convictions were based by pleading guilty to them and that vacatur occurred merely because the government was unable to obtain a copy of the plea transcripts for the State Convictions. Cf. Sawyer, 505 U.S. at 340 ("A prototypical example of 'actual innocence' in a colloquial sense is the case where the State has convicted the wrong person of the crime.")

15

Petitioner has submitted absolutely no evidence to suggest that he did not commit these crimes. Indeed, Petitioner's argument that he is "factually" innocent conflates the holding in Johnson that a state vacatur order constitutes a new fact under § 2255(f) with the notion long held within the actual innocence exception standard that "'actual innocence' means factual innocence, not mere legal insufficiency." See,e.g., Bousley v. United States, 523 U.S. 614, 623 (1998); Sawyer, 505 U.S. at 339 ("[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence."); McKay, 657 F.3d at 1199 ("McKay does not even suggest, because he cannot, that he did not actually commit the crime of carrying a concealed weapon. In other words, he makes no claim of *factual* innocence of the predicate offense."). Here, because Petitioner does not, and cannot argue he did not (1) possess cocaine or (2) possess cocaine with intent to distribute, his argument is not the type of "factual" innocence required by the Sawyer actual innocence exception.

### D. Petitioner Does Not Satisfy the Standards for Relief under Rule 60(b).

Petitioner also requests that this Court construe his current motion as a Rule 60(b) claim to reopen the judgment on his timely second and third § 2255 motions because he asserts they were wrongly dismissed on procedural grounds. (Doc. no. 29.) However, even if this Court were to construe the current motion as a Rule 60(b) claim, he fails to meet the standards for relief.

Rule 60(b)(6) authorizes relief from judgment based on "any other reason that justifies relief" raised "within a reasonable time . . . after the entry of the judgment or order." See Fed. R. Civ. P. 60(c)(1). Relief from "judgment under Rule 60(b)(6) is an extraordinary

16

remedy." Arthur v. Thomas, 739 F.3d 611, 628 (11th Cir. 2014) (citing Booker v. Singletary, 90 F.3d 440, 442 (11th Cir. 1996)). Therefore, relief requires "'extraordinary circumstances' justifying the reopening of a final judgment." Id. (citing Gonzalez, 545 U.S. at 535); see also Ramsey v. Walker, 304 F. App'x 827, 828 (11th Cir. 2008); Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1317 (11th Cir. 2000).

Here, Petitioner argues that extraordinary circumstances justify reopening his second or third § 2255 motions because of: (1) the change in law affected by Johnson and Stewart; (2) the severity of his sentence; (3) the "unassailable" merits of his underlying claim; and (4) his diligence in pursuing his claim. The Court finds that these facts, either alone or in combination, do not constitute extraordinary circumstances under Rule 60(b).

First, a change in decisional law and a petitioner's diligence in pursuing his § 2255 claim are insufficient to create the extraordinary circumstances necessary to invoke Rule 60(b). The Eleventh Circuit rejected this same argument when faced with similar facts in Bazemore. 595 F. App'x at 873-74. As discussed supra, § II.B, in Bazemore, the petitioner argued that Stewart justified equitable tolling of AEDPA's one year statute of limitations because he diligently pursued his claims before and after Stewart. Id. at 872. In deciding the petitioner was not entitled to equitable tolling, the Eleventh Circuit first explained that the standard for relief under Rule 60(b) is the same as for equitable tolling. Id. at 873-74. The Eleventh Circuit found that the change in law worked by Stewart is not an extraordinary circumstance, despite that petitioner's diligence in pursuing his § 2255 claims before and after vacatur of his state convictions. Id.

17

The holding in <u>Bazemore</u> is consistent with the longstanding rule that a change in law is not an extraordinary circumstance for Rule 60(b) purposes. See <u>Gonzalez</u>, 545 U.S. at 536 (noting that even assuming that the law actually changed, a change of law because the Court arrives at a different interpretation after petitioner's case was no longer pending is "hardly extraordinary"); <u>Arthur</u>, 739 F.3d at 633 ("[E]ven assuming the [change of law] applied and affected equitable tolling of AEDPA's statute of limitations, that change in decisional law did not create an extraordinary circumstance"); <u>Howell v. Sec'y, Florida Dep't of Corr.</u>, 730 F.3d 1257, 1260-61 (11th Cir. 2013) (holding that a change in the Supreme Court's interpretation of AEDPA's statute of limitations was not an "extraordinary circumstance"). <u>Ramsey</u>, 304 F. App'x at 829; <u>Ritter v. Smith</u>, 811 F.2d 1398, 1401 (11th Cir.1987); see also <u>Clay v. United States</u>, No. 1:02-CR-380-CC-JSA-3, 2014 WL 7012757, at *7 (N.D. Ga. Dec. 10, 2014) (finding change in law in <u>Stewart</u> did not constitute extraordinary circumstances).

The decision in <u>Bazemore</u> is controlling. While Petitioner exercised reasonable diligence in pursuing his § 2255 claim at the time of the 2003 vacatur of the State Convictions, the Court correctly held under the law at that time that his numerically second § 2255 motion was "second or successive." That <u>Stewart</u> changed second or successive analysis is not an extraordinary circumstance under Rule 60(b).

As the Honorable B. Avant Edenfield observed in the District Court order in <u>Bazemore</u>, the change in law worked by <u>Stewart</u> "is insufficient to overcome the blow of finality that would come from reopening a judgment entered over a decade ago that was correct when decided." <u>Bazemore v. United States</u>, 946 F.Supp.2d 1376, 1382. Petitioner

first sought resentencing based on vacatur of the State Convictions eleven years ago. Petitioner's conviction and sentence were long since final before Supreme Court and Eleventh Circuit precedent, in Johnson and Stewart respectively, shifted in Petitioner's favor seven years later. This interest in finality is particularly true where, as here, Petitioner had a chance to challenge on appeal the denial of his numerically second § 2255, but failed to do so. Had Petitioner done so, the rulings in Johnson and Stewart may have been issued years earlier. Because Petitioner did not pursue an appeal of the denial of his second § 2255 motion and must now rely on a case decided years later, Stewart does not constitute an extraordinary circumstance warranting relief. See, e.g., Clay, 2014 WL 7012757, at *7.

The severity of Petitioner's sentence also does not justify Rule 60(b) relief because the Eleventh Circuit has rejected Rule 60(b) arguments based on changes in decisional law by prisoners facing even more severe sentences. See Arthur, 739 F.3d at 612 (petitioner sentenced to death); Howell, 730 F.3d at 1258 (same); see also Gonzalez, 546 U.S. at 526 (petitioner serving ninety-nine year sentence).

Lastly, Petitioner asserts that, because he can clearly establish that the change in law from Stewart benefits him, his case is different from other cases where the Eleventh Circuit has denied Rule 60(b) relief because those petitioners could not clearly establish that they would have prevailed on the merits. (See doc. no. 33, p. 5-6.) However, Petitioner ignores that the Court in Arthur denied the petitioner Rule 60(b) relief even after (1) assuming that the asserted change in decisional law applied to him, and (2) taking into account his death sentence. Arthur, 739 F.3d at 631-33. Indeed, the Supreme Court also found in Gonzalez

that success on the merits was irrelevant, "it is indisputable that had he but filed a petition raising the statute-of-limitations argument he now advances, we would surely have granted him the reconsideration in light of [the change in interpretation] that he later sought in his Rule 60(b) motion." Gonzalez, 545 U.S. at 537 n.10. Moreover, the holding in Gonzalez can only logically be read to assume that the change in decisional law will support the petitioner's position, otherwise a petitioner would not be seeking relief based on the change in decisional law. As the Supreme Court explained, "it is hardly extraordinary that subsequently, after petitioner's case was no longer pending, this Court arrived at a different interpretation." Id. at 536.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** as untimely and the civil action **CLOSED**.

SO REPORTED and RECOMMENDED this 19th day of June, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA